## HUNT & als. *versus* HALL.

By c. 129, R. S., it is provided, that one having the next immediate estate of inheritance, may maintain an action of waste, against a tenant for life, who suffers or commits any waste on the premises.

No *such action* can be maintained by one having only a *contingent* remainder.

A testator devised land, to his wife during her life, and at her decease to be divided among his children, and the heirs of such as may then be deceased. *Held,* that the remainder, after the termination of the life estate of his wife, was contingent until her death.

ON EXCEPTIONS from *Nisi Prius,* HOWARD, J., presiding.

CASE in the nature of waste. The defendant justifies his acts upon the estate by a license and permit from the tenant for life.

It appeared, that Ephraim Hunt at his decease was the owner of the premises described in the writ, and that the persons alleged to be his co-tenants were his children and the children of Jeremiah Hunt, a deceased son of said Ephraim, and that he had no other children.

Three of the children of Ephraim had conveyed their interest to their brother, one of the plaintiffs, and their deeds were produced.

The will of Ephraim Hunt had been duly proved, by which he disposed of his estate thus:—

1. I give, devise and bequeath to my beloved wife, Martha Hunt, my homestead estate, being all my real estate in the town of Brunswick, together with all my household furniture, to have and to hold, occupy and improve the same during her natural life, and at her decease to be disposed of as hereafter directed.

2. After the decease of my dear wife, my will is, that my executor hereinafter named, cause an equal division to be made among all my children and the heirs of such as may then be deceased, of all my property, both real and personal, &c.

Martha Hunt is still alive. Evidence was introduced tending to prove the acts alleged in the writ.

After all the evidence was produced by plaintiffs, the defendant moved for a nonsuit on the ground that they had no such interest in the said estate of Ephraim Hunt under and by virtue of his will, as would enable them to maintain this action.

The presiding Judge ordered a nonsuit, and the plaintiff excepted.

*Fox & Simmons*, in support of the exceptions, cited the following authorities.—4 Kent, 214, 7th Ed.; *Moore* v. *Lyon*, 25 Wend. 119; *Dingley* v. *Dingley*, 5 Mass. 535; *Bates* v. *Webb*, 8 Mass. 458; *Nash & ux.* v. *Cutler & al.*, 16 Pick. 491; *Ballard* v. *Ballard*, 18 Pick. 43; *Hall* v. *Tufts*, 18 Pick. 455; *Child* v. *Russell*, 11 Metcalf, 16;

*Browne* v. *Lawrence,* 3 Cush. 390; *Wright* v. *Shaw,* 5 Cush. 60.

*Barrrows* and *W. P. Fessenden, contra.*

1. No person can maintain an action of waste, or in the nature of waste, except he who has the next immediate estate of inheritance in the property wasted, and where the fee is in abeyance, it may follow, that the tenant for life is dispunishable for waste. 1 Cruise, Tit. 1, § § 56 and 57, pp. 18 and 19; 1 Cruise, Tit. 3, § 40, p. 70; R. S., c. 129, § § 1 and 4.

2. The nonsuit was rightly ordered, because the plaintiffs here have no such interest in the estate as entitles them to maintain an action. Their interest is purely contingent. *Olney* v. *Hull,* 21 Pick. 311.

APPLETON, J. — This is an action of the case in the nature of waste, and is brought under the provisions of R. S., c. 129, § § 4 and 5.

Ephraim Hunt, under whom the plaintiffs derive title, by his last will gave a life estate in the premises in which waste is alleged to have been committed, to his wife, and after her decease, directed that equal division should be made among all his children, and the heirs of such as might then be deceased, of all his property, both real and personal. The tenant for life is still living, and the defendant represents her estate.

The rights of the parties depend upon the nature of the estate, which was devised by the will of Ephraim Hunt, which was in the words following: — "*After* the decease of my dear wife, my will is that my executor hereafter named cause an equal division to be made among *all my children and the heirs of* such as may *then* be deceased." The persons who are to take are not those who are living at the death of the testator. The division is not then to take place. This is to be done at a subsequent and uncertain period. If the estate were to be construed as vesting at the death of the testator, an heir might convey by deed his

share of the estate, and if he should decease before the termination of the life estate, leaving heirs, his conveyance would defeat the estate of such heirs. This would be against the express provisions of the will, which provide that the estate should be divided "among his children and the heirs of such as may then be deceased." By the terms of the will, the estate is not to vest till after the death of the widow, and then the division is to ensue. Till then there is a contingency as to the persons who may take the estate.

"Contingent or executory remainders, (whereby no present interest passes,) are when the estate in remainder is limited to take effect, either to a dubious and uncertain *person*, or upon a dubious or uncertain *event;* so that the particular estate may chance to be determined and the remainder never take effect." 2 Bl. Com. 169. In *Olney* v. *Hull*, 21 Pick. 311, the words of the devise were almost identical with those in the case now under consideration, and the Court held that until the death of the widow, it was uncertain, who would then be alive to take, and that therefore no estate vested in any one before that event happened. Where an estate is limited to two persons during their joint lives, remainder to the survivor of them in fee, such remainder is contingent, because it is uncertain which of them will survive. 2 Cruise's Dig. Title 16, Remainder, c. 1, § 21. So where one devised lands to his daughter H. and her husband, for their respective lives, and after their death to the heirs of H., it was held that the remainder was contingent until the death of H., and then vested in the persons who were then heirs. *Richardson* v. *Wheatland*, 7 Met. 169; *Sisson* v. *Seabury*, 1 Sum. 235.

It is obvious that by the terms of the will, the plaintiffs took a contingent and not a vested remainder. They are not within the provisions of R. S., c. 129, and consequently are not entitled to maintain this action.

*Exceptions overruled.* — *Nonsuit confirmed.*

SHEPLEY, C. J., and TENNEY, J., concurred.