C. E. COWAND and wife v. ROBERT A. MEYERS.

*Pleading—Demurrer— Will—Estate—Injunction— Waste.*

1. A demurrer to a complaint containing but one cause of action must go to the whole matter alleged, otherwise it will be disregarded.

2. A devise to P for life, remainder to testator's daughter N, provided she "shall have lawful heirs of her body, and if not, I give it unto my son," vests in N upon the death of P an estate for life which will be enlarged into a fee if she should have issue at her death ;

and the son took an estate in fee contingent upon the event that N died without issue, and was entitled to be protected by injunction against waste.

CIVIL ACTION, tried before *Shipp, J.,* upon complaint and demurrer, at Spring Term, 1887, of BERTIE Superior Court.

George Wynne, a resident of Bertie County, in this State, in the year 1855, executed a will wherein he devises the tract of land on which he lived and described as "the Manor plantation" to his wife Phœbe for life, and in a subsequent clause disposes of the remainder as follows:

"I give unto my daughter Nancy Wynne one tract of land whereon I now live, that I lent to my wife Phœbe Wynne her natural life, provided my daughter Nancy Wynne shall have lawful heirs of her body, and if not, I give it unto my son William D. Wynne forever."

Phœbe Wynne died the last of the year 1859, and the said Nancy went into possession and subsequently intermarried with the defendant Robert A. Meyers.

William D. Wynne, the devisee, died in 1864 intestate, leaving an only child, Bettie E., who intermarried with C. E. Cowand, and they bring this action to recover possession of the land, the damages committed thereon in the alleged cutting down and disposing of the growing timber, and to restrain further waste.

The defendants demurred to the complaint upon the grounds:

1. That under the will of the testator the *feme* defendant has a defeasible fee simple or a fee simple estate subject to be determined for want of issue of her body, or a fee simple absolute.

2. That the plaintiffs are not entitled to the relief they ask.

Upon the hearing the Court rendered the following judgment:

"In this case it is considered by the Court that the defendants are entitled to an estate in the land described in the will of her father and devised to her and that she is entitled to possession of the same. It is therefore adjudged that the demurrer be sustained to that extent and that defendants have and recover their costs, to be taxed by the Clerk."

The plaintiffs appealed and assigned the following errors:

1. In holding that the defendant Nancy derived under the will mentioned any interest in the land.

2. In not holding that the *feme* plaintiff's father at the death of the life tenant became the owner in fee of said land and entitled to the possession thereof.

3. In not granting or continuing the injunction against waste.

4. In dismissing the action and giving the judgment for costs against plaintiffs.

*Mr. R. B. Peebles,* for the plaintiffs.
No counsel for the defendants.

SMITH, C. J., (after stating the case). While in a complaint several separate and distinct causes of action or counts are set out, a demurrer may be entered to one or more and answer made to others. *Ransom* v. *McClees,* 64 N. C., 17. If the complaint contains but a statement of one cause of action, the demurrer must be to it as a unity or it will be disregarded, and in such cases it must be sustained or overruled as a whole and not in parts. *State* v. *Young,* 65 N. C., 579.

The judgment apparently leaves undisposed of the demand for damages and for relief against their being repeated, except as it may be involved in the ruling that the defendants are entitled to an estate in the land and to possession, both of which are consistent with a contingent remainder or executory devise over as the will may be con-

strued to operate, to the deceased father of the *feme* plaintiff. But we are constrained to regard the action of the Court as denying any relief under the complaint upon the facts stated.

We concur in the construction put upon the clause of the will recited that it vests an estate in remainder to take effect at the death of the wife (Phœbe), and which then came into the possession of the defendant (Nancy) for her life—enlarged into a fee if the said Nancy at her decease should have issue.

No estate is given to such issue if coming into existence and surviving, but the effect is to defeat the limitation over to the son, William D., and transmute a life estate into an estate in fee in Nancy. The estate of the *feme* plaintiff is therefore contingent, and though Nancy has attained the age of fifty-five years, and in the course of nature cannot be expected to have children, the nature of the estate inherited by the *feme* plaintiff from her deceased father is unchanged and remains the same, dependent upon a contingency as before, yet it will be protected against unauthorized waste and injury to the damage of the inheritance.

In *Gordon* v. *Lowther*, 75 N. C., 193, the facts were similar, except that the limitation over and after the life estate, was to such children as the life tenant might have who attained the age of twenty-one years, and to the plaintiff if there were none such left; and the life tenant, as in our case, had passed the period of child-bearing, and it was decided that no recovery could be had for damages from waste already committed, but the plaintiff was entitled to protection against future waste and destruction by the exercise of the restraining power of the Court. This case is not distinguishable in principle from that before us and is decisive of the appeal.

There is error in sustaining the demurrer and refusing all

relief, and the ruling must be reversed, so that, if allowed, the cause may proceed by answering the complaint, if the defendants shall be so advised and elect.

Error.