PETERSON v. FERRELL.

(November 13, 1900.)

1. *Deeds—Estate Conveyed—Life Estate.*

> A conveyance to a person and in default of issue of such person to the next of kin, conveys only a life estate.

2. *Waste—Right to Restrain—Contingent Remainder—Injury.*

> A contingent remainder is such an interest in land as will be protected against injury or waste.

MOTION by W. C. Peterson to enjoin T. M. Ferrell and J. A. Ferrell from selling, cutting, or removing timber from certain lands, heard by Judge *Frederick Moore,* at Fall Term, 1900, of DUPLIN Superior Court. From judgment allowing the motion, the defendants appealed.

*Stevens, Beasly & Weeks,* for plaintiff.
*F. R. Cooper,* for defendant.

FAIRCLOTH, C. J., Kilby Peterson, by deed, conveyed the land in controversy to his daughter, Margaret J. Peterson, in these words: "To said M. J. Peterson and the heirs of her body (meaning her own children), and, if none, then at her and their death to next of kin, but, if the next of kin be not her brother or brother's child, or children, then to whom she may feel in good will to give it of her own accord"—reserving a life estate to himself and wife, both of whom are now dead. The plaintiff, W. C. Peterson, is the only grandchild of Kilby, and the only nephew and next of kin of said Margaret J. The defendants are the purchasers of said land at a sale under a mortgage made by said Margaret J., and her husband, L. W. Merritt. The said Margaret J. has never had any

children; she still living, and being 64 years of age.    This action is brought to restrain the defendants from committing waste on said land.    Had the said Margaret a fee-simple estate ?  If so, the plaintiff has no cause of action.    We think it clear that she has only a life estate, capable of enlargement into a fee simple in the event she has issue of her body living .at her death.    *Cowand v. Meyers,* 99 N. C., 198; *Wright v. Brown,* 116 N. C., 26 ; *Douthett v. Bodenhamer,* 57 N. C., 444.    The plaintiff has an interest in the land, depending upon the death of the life tenant, Margaret J., without children; and it is immaterial whether it is a vested or contingent remainder.    It is such an estate as this Court will protect against injury or waste.    *Braswell v. Morehead,* 45 N. C., 26 ; *Douthett v. Bodenhamer,. supra; Gordon v. Lowther,* 75 N. C., 193 ; *Cowand v. Meyers, supra*—where the question is discussed and settled.

Affirmed.