## In re Burns.

*John Lamon*, for exceptants; *Samuel W. Woolford, Jr.*, for trustee.
*Frank H. Warner*, contra.

SMITH, P. J., May 22, 1931.—It is admitted that the exceptants' statements of fact are true.

An account has been filed by John K. Loughlin, substituted trustee for Hugh A. Burns, under a deed of trust entered into on December 11, 1907, by the heirs of John W. Hallahan, deceased; and with this account is a scheme of distribution by which the fund in the accountant's hands is to be distributed to five sisters or other representatives of Hugh A. Burns, deceased. Among these five is Rosalie McMichan Carroll, a sister. The sole object of the "answers" or exceptions is to ascertain the right of said Rosalie McMichan Carroll to participate in this distribution.

A dispute having arisen among the heirs of John W. Hallahan, an agreement was entered into by the heirs, on December 11, 1907, under the terms of which $12,000 was placed in trust, "to be invested in good securities and to pay over the net income therefrom, semi-annually, unto Hugh A. Burns and Edward J. Burns, equally, so that the same shall be free and clear of their respective debts, liabilities and engagements, and not to be anticipated or pledged by them; and upon the death of either of them, to pay over the principal sum of one-half of said trust fund to his issue, in equal shares, absolutely, *per stirpes*, if he shall leave any, and if not, unto his next of kin absolutely; and upon the death of the survivor of them, to pay over the remainder of said trust fund to his issue, in equal shares, absolutely, *per stirpes*, if he shall leave any, and if not, to his next of kin absolutely."

Hugh A. Burns died April 19, 1930.

Rosalie McMichan Carroll, the sister in question, was duly adopted on March 2, 1911, by a Mrs. Mary E. McMichan, by decree of the Court of Common Pleas No. 5 of Philadelphia County, as of March Term, 1911, No. 1817; and she thereafter assumed the name of Rosalie Hallahan McMichan (but has since intermarried with Vincent A. Carroll, Esq.), she being the same Rosalie McMichan Carroll named as a possible heir of the said Hugh A. Burns in the scheme of distribution in the account of John K. Loughlin, substituted trustee.

Edward J. Burns, one of the beneficiaries under the said trust fund, was declared legally dead, and his estate distributed, some years ago. Rosalie McMichan Carroll was a party to the distribution of the estate of Edward J.

Burns, but was not given any share of said estate, the distribution being made to the other sisters and brother of Edward J. Burns.

The question now before us is whether Rosalie McMichan Carroll, owing to her adoption by Mary E. McMichan in 1911, can be permitted to participate in this distribution of the trust fund of which Hugh A. Burns was a life beneficiary.

The Intestate Act of June 7, 1917, P. L. 429, section 16 (B), provides as follows: "Adopted persons shall not be entitled to inherit or take from or through their natural parents, grand-parents, or collateral relatives, but such adopted person shall have all of his or her rights under this act in the estates of his or her spouse, children, and descendants."

For the exceptants, it is contended that Rosalie McMichan Carroll is precluded from taking any share of the estate of her brother, Hugh A. Burns, under said provision of the Intestate Act of 1917.

For Rosalie McMichan Carroll, it is contended that under said trust deed of December 11, 1907, she had a vested remainder in said trust fund, which vested in her at the time of the inception of the trust, and that she takes under the express provisions of the trust.

The controlling question is whether this is a vested or contingent remainder. If a vested remainder, then it was hers from December 11, 1907, the enjoyment being postponed until the determination of the preceding life estate. On the other hand, if a contingent remainder, then it never could vest until the determination of the contingency, which would be at the time of the death of Hugh A. Burns, on April 19, 1930, and her kinship would have to be determined as of the latter date, in which event she would be precluded from participating in the fund by virtue of the Act of 1917.

"A vested remainder may be defined as an estate in real or personal property which will necessarily take effect in possession upon the termination of a precedent estate created by the same instrument, and which is subject to no other contingency than the termination of the precedent estate; and it is immaterial that the remaindermen will not necessarily be *in esse* when the precedent estate ends, since the certainty of his actual possession of the property in the future is not a pre-requisite to the immediate vesting of the remainder in interest:" 17 P. & L. Dig. Dec., 30294, and decisions there cited, among them, Johnston's Estate, 185 Pa. 179, where it is held that, "An estate is said to be vested in interest, where there is a present fixed right in someone of future enjoyment in it; it is not vested, but contingent, when the person who is to enjoy it, or the event upon which the estate is to arise, is uncertain."

"A contingent remainder, is a remainder limited so as to depend on an event which may never happen or be performed, or which may not happen or be performed till after the preceding estate:" Womrath v. McCormick, 51 Pa. 504.

"Wherever the remainder is limited to a person not *in esse*, or not ascertained; or wherever it is limited so as to require the concurrence of some dubious, uncertain event, independent of the determination of the preceding estate, and duration of the estate limited in remainder, the remainder is contingent:" Sager v. Galloway, 113 Pa. 500, as cited in 17 P. & L. Dig. Dec., 30296.

Is the provision of the trust deed, for remainder to the next of kin of Hugh A. Burns, in the event of his dying without issue, vested or contingent? We must not lose sight of the fact that the title to the fund was in the trustee for the life of the trust, which was to end at the death of the survivor

of these brothers; and that the first taker, after the death of Hugh A. Burns, was his issue; and only in the event of him dying without issue could the next of kin, among whom was Rosalie McMichan Carroll, share in the fund. These primary takers, the issue of Hugh A. Burns, could only be ascertained upon the death of Hugh A. Burns. Until his death, under the law, the possibility of his dying with issue was always present. The next of kin only took upon the contingency of Hugh A. Burns dying without issue, so that, even though living, the right of the next of kin to participate in the distribution was dependent upon this uncertain event, that is, his dying without issue. It seems clear that the interest of Rosalie McMichan Carroll was contingent until the death of Hugh A. Burns, and that under the provisions of the Act of 1917, she cannot participate in this distribution.

And now, to wit, May 22, 1931, the exceptions of Mary F. Burns Healy and Katherine B. Evons, as embodied in their "answers" to the petition of John K. Loughlin, substituted trustee, for confirmation and distribution of his account as substituted trustee for Hugh A. Burns, under the deed of trust of December 11, 1907, are sustained.

It is ordered, adjudged and decreed that the principal and income of said trust fund now in the hands of said accountant shall be distributed in equal shares to Mary F. Healy, a sister, George S. Houer, administrator *cum testamento annexo* of Sarah P. Houer, a sister, Katharine B. Evons, a sister, and Marisita B. Kearney, a half-sister. Counsel may prepare and present a scheme showing detailed distribution to these parties.