ELLEN M. HATHAWAY *vs.* ELLA M. HATHAWAY.

Hampden.    September 26, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Deed — Agreement to construct and maintain Way — Contract — Easement — Public Way.*

The acceptance of a deed of land in a city containing a recital that, as a part of the consideration of the deed, the grantee agreed to open and construct a public way to lead in a certain direction across his land and the land therein conveyed, and to prepare and keep the same open for travel until accepted by the city, is equivalent to an oral contract to construct and maintain for the grantor a way which shall be open to the public, one half of which shall be on the land then conveyed, and the other half on land previously owned by the grantee; and it also operates, by way of reservation or implied grant, to create an easement over the land then conveyed for the benefit of the grantor's remaining land.

A deed of land in a city from A. to B. contained the following agreement: "As a part of the consideration of this deed, the grantee agrees to open and construct a public way to lead from F. Street southerly towards P. Street across her land and the land herein conveyed, and to prepare and keep the same open for travel until accepted by the city; and the westerly line of the strip herein conveyed shall be the centre of the street. It is herein understood that the street shall be opened and constructed within thirty days from date of this deed." *Held,* in an action for breach of the agreement, that the defendant had no ground of exception to the ruling that, by the giving and acceptance of the deed, the whole land conveyed thereby was dedicated as a public way.

A deed of land in a city from A. to B. contained the following agreement: "As a part of the consideration of this deed, the grantee agrees to open and construct a public way to lead from F. Street southerly towards P. Street across her land and the land herein conveyed, and to prepare and keep the same open for travel until accepted by the city; and the westerly line of the strip herein conveyed shall be the centre of said street. It is herein understood that the street shall be opened and constructed within thirty days from date of this deed." In an action for breach of the agreement, the judge found that there was a private way called P. Street leading from E. Street towards the land conveyed, and extending partly through land of C., which was at one end of the way to be constructed, on which private way houses had been built, and which was partially worked for travel; that it was the intention of the parties that the way to be made by B. should be an extension of P. Street, so that P. Street should run from E. Street to M. Street, which was at the other end of the way to be constructed by B.; that it was expected that C. would extend and work P. Street the remainder of the distance to the land conveyed; and that P. Street was wrought by C. up to B.'s way about three months after the delivery of the deed. The judge refused to rule, as requested by B., that in constructing and maintaining the way she was not compelled by her agreement to take into consideration the grade of C.'s land; and ruled that B., under her agreement, should

work the way " to a reasonable width to accommodate public travel, not exceeding forty-five feet, and upon reasonable grades, having in view the lay of the land upon either side, the termini, and the public travel." *Held,* that B. had no ground of exception.

CONTRACT for breach of an agreement, contained in a deed of land in Chicopee from the plaintiff to the defendant, as follows: " As a part of the consideration of this deed, the grantee agrees to open and construct a public way to lead from Front Street southerly towards Prospect Street across her land and the land herein conveyed, and to prepare and keep the same open for travel until accepted by the city; and the westerly line of the strip herein conveyed shall be the centre of said street. It is herein understood that the said street shall be opened and constructed within thirty days from date of this deed."

Trial in the Superior Court, without a jury, before *Maynard,* J., who found for the plaintiff; and reported the case for the determination of this court. The facts appear in the opinion.

*L. White,* for the defendant.

*J. G. Dunning,* for the plaintiff.

KNOWLTON, J. The defendant's acceptance of the deed containing the agreement set out in the report was equivalent to an oral contract to construct and maintain for the plaintiff a way which should be open to the public, one half of which should be on the land then conveyed and the other half on land previously owned by the defendant. It also operated by way of reservation or implied grant to create an easement over the land then conveyed for the benefit of the plaintiff's remaining land. *Furnas* v. *Durgin,* 119 Mass. 500. *Maine* v. *Cumston,* 98 Mass. 317. *Dyer* v. *Sanford,* 9 Met. 395, 405. *Goodrich* v. *Burbank,* 12 Allen, 459.

The statute of frauds has not been pleaded, and we have no occasion to inquire whether the contract would be enforceable so far as it relates to the defendant's original estate if that statute were set up in defence to an action upon it. The questions argued upon the report relate only to the intent and meaning of the parties as expressed by the language of the deed. It is contended that the justice of the Superior Court was wrong in ruling that " by the giving and acceptance of the deed the whole land conveyed thereby was dedicated as a

public way," since, under Pub. Sts. c. 49, § 94, a public way cannot be created in this Commonwealth by dedication. It is true that in the strict sense of the word this could not be made a public way by dedication, but it could be kept open for the public under the agreement so that it could be used by everybody as freely as if it were a public highway; and that the agreement was to keep it as such a way is obviously all the justice meant by his language. It is true also, as he ruled, that the whole of the land conveyed was to be kept open for the public to use as a way, and not merely a part of it. We see nothing prejudicial to the defendant in this ruling.

The only other exception was to the refusal to rule that in constructing and maintaining the way the defendant was not compelled by her agreement to take into consideration the grade of McFetheries's land, which was at one end of the way to be constructed. The presiding justice found as facts that there was a private way called Prospect Street leading from East Street towards the land conveyed, and extending partly through land of McFetheries, on which houses had been built, and which was partially worked for travel, and that it was the intention of the parties that the way to be made by the defendant should be an extension of Prospect Street, so that Prospect Street should run from East Street to Main Street, which was at the other end of the way to be constructed by the defendant. It was expected that McFetheries would extend and work Prospect Street for the remainder of the distance to the land conveyed. The ruling of the court was that the defendant under her agreement should work the way " to a reasonable width to accommodate public travel, not exceeding forty-five feet, and upon reasonable grades, having in view the lay of the land upon either side, the termini, and the public travel," and he found that she had failed to do this. Prospect Street was wrought by McFetheries up to the defendant's way about three months after the delivery of the deed. It appears by the language of the deed that the parties contemplated a way which should be used by the public as part of a street extending from Main Street to East Street, and which should ultimately be accepted and laid out by the city as a public highway; and in view of that fact we are of opinion that the defendant, in determining

what was a reasonable grade for the way, should have in view the situation and grade at the termini. It was fairly implied in the agreement, that in working the way proper regard should be had to everything which related to the preparation of it for use in connection with Prospect Street, if that should be extended as the parties thought it would be. The defendant has no just ground of complaint on account of the proceedings at the trial.                                    *Judgment on the finding.*