[S. F. No. 5289. In Bank.—August 7, 1911.]

H. A. WELLER, Respondent, v. R. M. BROWN et al., Appellants.

DEED—COVENANT FOR USE AS PUBLIC STREET—CONDITION.—A provision in a grant, bargain, and sale deed, whereby the parties agree, that the land conveyed shall be used as a public street, and not as a lot for building purposes, is a mere covenent, and in the absence of a provision that the title shall revert in case of its breach, such covenant is not construed as creating a condition.

ID.—COVENANT DOES NOT RUN WITH LAND—PERSONAL COVENANT.—Such a covenant is not one running with the land. Not purporting to bind the successors in interest of the grantee, or to inure to the benefit of the successors of the grantor, it is a purely personal covenant, and would not be enforceable at law except as between the parties. It creates no limitation upon the absolute title conveyed.

ID.—RESERVATION OF EASEMENT IN CONTRACT.—While easements are generally acquired by grant or prescription, they may be acquired by contract, where from the nature of the subject-matter it is evident that the parties intended that privileges designed for the permanent use of the property should form an incident of the principal contract.

ID.—EASEMENT FOR BENEFIT OF GRANTOR'S ADJOINING LAND.—Where the grantors of a strip of land were at the time of the grant, and continued to be, the owners of the land on either side of the strip, a covenant in the deed that the strip conveyed is not to be used for building purposes, but is to be used as a public street, while not sufficient to effect a dedication of the strip as a public street, will be construed, as between the parties, as a reservation in favor of the owners of the adjoining lands of such rights as they would have in a public street, and also to reserve to them a negative easement prohibiting the erection of any building upon the strip.

ID.—FULL CONSIDERATION PAID FOR LAND.—Where such deed truly expressed the agreement of the parties, and was not induced by fraud, mistake, or misrepresentation, the fact that the grantors received from the grantee the full value of the land conveyed is not inconsistent with such a construction of the deed.

ID.—AGREEMENT TO SELL LAND FOR STREET.—The fact that the grantee orally agreed to hold the land and to convey it to the city in which it was situated for a public street, upon payment to him of the amount he had paid, shows no more than that an immediate dedication to the public was not contemplated, and is not inconsistent with the reservation of such private easements.

ID.—EASEMENT NOT REPUGNANT WITH GRANTING CLAUSE.—Such a covenant is not inoperative because irreconcilable with the granting clause. There is no repugnancy between a conveyance of the fee and a reservation of an easement affecting the land conveyed.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge.

The facts are stated in the opinion of the court.

J. W. Preston, and Preston & Preston, for Appellants.

Mannon & Mannon, for Respondent.

SLOSS, J.—This is an action to quiet title to a parcel of land two hundred feet in length and sixty feet in width, situated in the city of Fort Bragg, county of Mendocino. Plaintiff recovered judgment and the defendants appeal.

The complaint contained the usual allegations that the plaintiff was the owner of the property in question, that the defendants claimed an adverse interest therein and that their claim was without right. The answer admits that the defendants claim an interest in the land and alleges that they are the owners of an easement therein, to wit, the privilege of ingress and egress over the same as a public highway or street and an easement for a right of way appurtenant to the lands of the defendant Louisa M. Brown adjoining the lands described in the complaint. As a separate defense the defendants allege that on July 7, 1906, defendant Louisa M. Brown owned a lot or block of land and that the parcel described in the complaint constituted a strip of land sixty feet in width running through the center of said land; that the land on either side of said strip belongs to the defendants; that on said

July 7, 1906, the plaintiff took a deed from Louisa M. Brown
for the parcel in controversy, with the understanding and
agreement that said land should not be used as a building lot
and that it should be and become a public street or highway
for public use, and likewise that it should be and become an
easement appurtenant to the remaining lands so owned by
the defendant Louisa M. Brown for the purpose of ingress and
egress to and therefrom.  It is alleged that the right and
privilege to use the said land is necessary and convenient for
the use and occupation by said defendant of her adjoining
land and that she owns an easement or right of way over and
upon said land, which easement is appurtenant to her ad-
joining lands.

The court found that the plaintiff is and ever since the
seventh day of July, 1906, has been, the owner in fee of the
land in controversy; that on and prior to July 7, 1906, the
defendant Louisa M. Brown owned the block of land described
in her answer including the strip in controversy and that the
defendants now own the lands adjoining said strip on either
side; that on July 7, 1906, the defendants had executed and
delivered to plaintiff a grant, bargain, and sale deed of the
land described in the complaint, which deed contained, after
the granting clause, the following covenant: "It is hereby
mutually agreed between the parties of the first part (de-
fendants)' and the party of the second part (plaintiff) that
the above described land is to be used as a public street and
not as a lot for building purposes."  The plaintiff accepted
said deed and paid as consideration therefor the sum of four
hundred and fifty dollars, which was the full value of said
land; at the time of the execution and delivery of the deed the
plaintiff verbally agreed with the defendants that he would
pay them the full value of said land and hold possession of
the same, and that if the city of Fort Bragg could be induced
to buy said land for street purposes the plaintiff would deed
said land to the city on receipt of the amount he paid the de-
fendants therefor, and thereupon the same might become a
public street.  It was found that there was no other or further
agreement between the parties respecting the lands in con-
troversy; that the right to travel and use the lands in contro-
versy is not necessary, but is convenient for the use and occu-
pation by the defendant Louisa M. Brown of the lands she

owns that adjoin the land in controversy. It is then found that Louisa M. Brown does not and never has owned an easement over said land and that her claim to such easement is without right. Upon these findings, conclusions of law followed to the effect that plaintiff was the owner in fee simple of the land and that defendants have no right, title, or interest therein, and judgment quieting plaintiff's title was entered.

The evidence is brought up in a bill of exceptions and we shall set forth so much of it, in addition to the facts disclosed by the foregoing findings, as may be necessary to the consideration of this appeal. As above stated, the plaintiff derived title to the strip in controversy by means of a grant, bargain, and sale deed from the defendants, the deed containing a covenant whereby the parties agreed that the land conveyed was to be used as a public street and not as a lot for building purposes. The strip, as appears from a plat introduced in evidence, runs east and west. A street, known as Main Street, runs north and south across the westerly end of the strip, and bounds, as well, the remaining land of Mrs. Brown in the same block. A street named Bush Street intersects the westerly line of Main Street directly opposite the end of the strip in controversy, in such manner that the strip, if opened, would form a continuation eastward of Bush Street.

The question to be decided is whether the deed, read in connection with these circumstances existing at the date of its execution, reserved to the grantors any interests in the land conveyed.

It is quite clear that the grant to plaintiff was not conditional upon his compliance with the terms of the covenant. In the absence of a provision that title shall revert in case of breach of a covenant regarding the use of the land, such covenant is not construed as creating a condition. (*Behlow* v. *Southern Pacific Co.*, 130 Cal. 16, [62 Pac. 295]; *Los Angeles Terminal Co.* v. *Muir*, 136 Cal. 36, [68 Pac. 308]; *Hawley* v. *Kafitz*, 148 Cal. 393, [113 Am. St. Rep. 282, 3 L. R. A. (N. S.) 741, 83 Pac. 248].) Nor is the covenant one running with the land. "It was not made for the benefit of the lot conveyed but purported to impose a burden thereon by restricting its use; and while a benefit will pass with the land to which it

is incident, a burden will adhere exclusively to the original covenantor, unless a privity of estate or tenure subsists or be created between the covenantor and the covenantee at the time the covenant is made." (*Los Angeles Terminal Co.* v. *Muir,* 136 Cal. 36, [68 Pac. 308] ; Civ. Code, secs. 1461 and 1462.) Then too, the covenant in question does not purport to bind the successors in interest of the grantee or inure to the benefit of the successors of the grantor. Viewed as a covenant, it is a purely personal one and would not be enforceable at law except as between the parties. In that aspect, it creates no limitation upon the absolute title conveyed. Under the form of the present action, we are not called upon to consider whether such covenant would be specifically enforced in equity as against the covenantor or one succeeding to his interest with notice of the covenant. The defendants are not seeking to enjoin the violation of the covenant, but are asserting that they are owners of an interest in the land conveyed.

Apart, however, from the various considerations above suggested, there still remains a way by which the restrictive words of the deed may be given effect, that is, by construing them as intended to reserve an easement in the land granted for the benefit of the remaining and adjoining land of the grantors. "While easements are generally acquired by grant or prescription it is also true that they may be acquired by contract, where from the nature of the subject-matter it is evident that the parties intended that privileges designed for the permanent use of the property should form an incident of the principal contract." (Jones on Easements, sec. 104; *Hogan* v. *Barry,* 143 Mass. 538, [10 N. E. 253] ; *Shannon* v. *Timm,* 22 Colo. 167, [43 Pac. 1021].) In *Coudert* v. *Sayre,* 46 N. J. Eq. 386, 395, [19 Atl. 190], Vice Chancellor Van Fleet used this language : "That when it appears to be the true construction of the terms of a grant that it was the well understood purpose of the parties to create or reserve a right, in the nature of a servitude or easement in the property granted, for the benefit of other land owned by the grantor, no matter in what form such purpose may be expressed, whether it be in the form of a condition, or covenant, or reservation, or exception, such right, if not against public policy, will be held to be appurtenant to the land of the grantor and binding on that conveyed to the grantee, and the right and burthen thus created

and imposed will pass with the lands to all subsequent grantees."

Thus, in *Hathaway* v. *Hathaway,* 159 Mass. 584, [35 N. E. 85], the deed contained a clause providing that, as part of the consideration, the grantee agreed to open and construct a public way to lead in a certain direction across her land and the land therein conveyed, and to prepare and keep the same open for travel until accepted by the city. It was held that this agreement operated by way of reservation or implied grant and created an easement over the land then conveyed for the benefit of the grantors of the remaining land. The case last cited is, in its essential facts, not distinguishable from the one at bar. It is here alleged and found that the grantors of the strip in question were at the time of the grant and have ever since remained the owners of the land on either side of the strip. The deed contains an agreement or covenant that the strip conveyed is not to be used for building purposes but is to be used as a public street. The natural and reasonable conclusion to be drawn from these facts is that the covenant or agreement was required by the grantors for the benefit of their remaining land. It is true that this agreement would not, in and of itself, effect a dedication of the strip as a public street. It was, however, sufficient as between the parties to constitute a reservation in favor of the owners of the adjoining land of such rights as they would have in a public street, and further to reserve to them a negative easement prohibiting the erection of any building upon the strip. The circumstance that the defendants received from the plaintiff the full value of the land conveyed is in no way inconsistent with this conclusion. It is not claimed that the transaction was induced by fraud, mistake, or misrepresentation, or that the deed did not truly express the agreement of the parties. If the instrument, correctly interpreted, reserves an easement which lessens the value of the property conveyed, the fact that the purchaser may have made a disadvantageous bargain does not justify a court in destroying the reservation. Likewise, the oral testimony to the effect that plaintiff agreed to hold the land and to convey it to the city for a street upon payment to him of the amount he had paid, shows no more than that an immediate dedication to the public was not contemplated. Such agreement (assuming that evidence of it may be con-

sidered as against the written terms of the deed) may be given full effect without setting aside the covenant restricting the grantee's use of the land pending a purchase by the city. A private easement, equivalent to that of an abutter on a public street, may exist although the public has acquired no right.

We see no force in the contention that the covenant must fall as being irreconcilable with the granting clause. (Civ. Code, sec. 1070.) There is no repugnancy between a conveyance of the fee and a reservation of an easement affecting the land conveyed.

In accordance with these views we think the finding that the plaintiff never had any agreement or understanding with the defendants that "the lands in controversy should be or become an easement appurtenant to the remaining lands conveyed by the defendant Louisa M. Brown for the purpose of ingress thereto or egress therefrom" must, if not regarded as a mere conclusion erroneously drawn from the other facts found, be held to be contrary to the evidence. So, too, the findings that the defendant Louisa M. Brown does not and never did own an easement over the land in question and that she had no right, title, or interest in said lands are unsupported by the evidence.

Upon the facts shown in the record the court below should have found that the defendant Louisa M. Brown was the owner of an easement in the land as above stated and should in its decree have declared the plaintiff's title to be subject to such easement.

The judgment is reversed and the cause remanded for a new trial.

Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.