[Civ. No. 1736.  First Appellate District.—March 29, 1916.]

EAST SAN MATEO LAND COMPANY (a Corporation), Appellant, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent.

DEED—RAILROAD RIGHT OF WAY—DURATION OF ESTATE—CONSTRUCTION OF INSTRUMENT.—A deed to a railroad corporation which recites that for and in consideration of encouraging and promoting the construction of a railroad, and for other considerations, the grantor conveys the land described in such deed to the railroad company and its successors "during the legal existence of said company, solely upon the following conditions [here follow certain conditions] . . . ; and upon the breach . . . of any of the aforesaid conditions, this grant shall become void, and the estate hereby conveyed . . . shall cease and determine, and the said land shall absolutely revert to the said party of the first part (grantor), his heirs or assigns, in fee simple . . . and shall in like manner at the expiration of the legal existence of said company revert to said party of the first part, his heirs or assigns, notwithstanding anything herein contained to the contrary," shows an intention to limit the duration of the grant to the period of the legal existence of the company, and not an intention to irrevocably dedicate the land to railroad use upon a condition subsequent.

ID.—CONVEYANCE OF REVERSIONARY INTEREST—CONSTRUCTION OF DEED.—A deed, made by the successor in estate of the grantor, conveying a large tract of land within which such right of way was included, conveys to the grantee the reversionary interest of the grantor therein, notwithstanding such right of way is reserved and excepted in the granting clause, where such clause is immediately followed by an explanatory provision showing an intent and purpose on the part of the grantor to convey such right of way to the grantee.

ID.— CONSTRUCTION OF DEEDS.— In construing a deed every provision, clause, and word shall be taken in consideration in ascertaining the meaning of the grantor, whether words of grant, of description, or

words of qualification, restraint, exception or explanation, and every word shall be presumed to have such force and effect as it can have.

ID.—RAILROAD CORPORATIONS—NATURE OF CONTRACTS FOR RIGHTS OF WAY.—While it is true, where land has been taken for public use without compensation being first made, and its continued possession is necessary to such use, the owner cannot recover possession of the land itself, but can only compel payment for the same, and that the right to compensation accrues at the time of the taking, and while it is also true that this right to compensation is a personal one which does not run with the land, nor pass by conveyance thereof after the right accrues, such doctrines in no way affect or abridge the right of railroad corporations to enter into a binding obligation or contract, with reference to land taken by them for rights of way, and such agreements when made stand on the same footing as any other contract for the conveyance of land.

ID.—ACCEPTANCE OF CONVEYANCE UPON CONDITION—RIGHT OF RAILROAD CORPORATION.—A railroad may accept a conveyance of land upon any condition that may lawfully be annexed to an ordinary grant, and such a contract may create an estate less than a fee in land taken for a right of way.

ID.—EXPIRATION OF LIMITED ESTATE—CONTINUANCE OF USE—DUTY OF RAILROAD CORPORATION.—Where an estate is granted to a railroad corporation for a limited period, and at the expiration thereof, the corporation elects to continue its use for a right of way, it can only do so by compensating the reversioner.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Henry Conlin, for Appellant.

Frank McGowan, and Evan J. Foulds, for Respondent.

Garrett W. McEnerney, as *Amicus Curiae.*

KERRIGAN, J.—This action was brought by plaintiff to recover the sum of seventy-seven thousand eight hundred dollars, the alleged value of about four acres of land, used as a portion of the right of way of the defendant corporation.

The defendant, after answering plaintiff's amended complaint, moved for judgment on the pleadings. The trial court granted the defendant's motion, and judgment was thereupon entered in favor of the defendant. This appeal is from such judgment.

The plaintiff alleges in its complaint that the San Francisco and San Jose Railroad Company, the predecessor of defendant, was incorporated under the laws of the state of California on August 18, 1860, for the term of fifty years, for the purpose of constructing and operating a railroad as a common carrier; that on June 6, 1862, Alvinza Hayward, then the owner of the land here involved, for the purpose of encouraging and promoting the construction of such railroad, conveyed to it and its successors an estate for years in said land, limited in duration to the period for which the said San Francisco and San Jose Railroad Company was incorporated, reserving by such deed unto the grantor, his heirs and assigns, the fee in said real estate and a vested estate in remainder therein, to take effect in possession upon the expiration and termination of the estate for years. The plaintiff further alleges that pursuant to said deed the company entered into possession of said real estate, and constructed a railroad thereon, which it operated and which its successor still operates, and that the defendant the Southern Pacific Company, by mesne consolidations and transfers, succeeded to and became the owner of all the rights of the San Francisco and San Jose Railroad Company under the Hayward deed; that one Emma Rose was on the eighth day of September, 1908, the owner of the property here involved, having succeeded to the same by mesne conveyances from Hayward, and that on such day she conveyed to the plaintiff all her right, title, and interest therein, including her interest in remainder and reversion reserved under the Hayward deed. It is then alleged that the period of the corporate, legal existence of the San Francisco and San Jose Railroad Company expired by limitation on the eighteenth day of August, 1910, and that the estate for years so granted to it and its successors ceased and terminated on said date, and that the estate in remainder and reversion reverted to and became vested in plaintiff, and that the defendant has appropriated and continues to use the land for its benefit as a right of way without having paid plaintiff compensation for such appropriation and use.

In addition to these direct recitals a copy of the deed from Hayward to the railroad company marked "Exhibit A," and that of Emma Rose to the plaintiff, marked "Exhibit B," are attached to and made a part of the complaint and are referred

to therein. Then follows the prayer for judgment for the value of the land.

The defendant answering, alleged in substance:

(1) That the deeds of Hayward to the San Francisco and San Jose Railroad Company attached to the complaint and marked "Exhibit A," conveyed a fee to the grantee therein named upon a condition subsequent, with a reversionary interest in the grantor;

(2) That there is no allegation that any act was ever done by Hayward or any other person showing an intent to exercise the right of reversion, and hence the title conveyed is still in the defendant as the successor in interest by consolidation with the grantee under the Hayward deed;

(3) That the deed of Emma Rose to the plaintiff, dated August 20, 1908, did not convey to it the land described in the complaint and mentioned in the Hayward deed, but by express terms excluded the same from the operation thereof; hence that plaintiff is not the owner, and cannot recover in this action;

(4) That Alvinza Hayward was, at the time of the taking of the land described in the complaint the owner thereof, and that any damage that accrued by reason of the taking was the personal property of Hayward as such, and would not pass to any of his grantees by a mere conveyance of the land.

The judgment given upon the pleadings was based upon the construction given these two deeds by the trial court; and the meaning and effect of these two instruments present the main questions for our consideration upon this appeal.

We will first discuss the deed given by Hayward to the San Francisco and San Jose Railroad Company in the year 1862 attached to the complaint and marked "Exhibit A." This deed recited that for and in consideration of encouraging and promoting the construction of a railroad from San Francisco to San Jose, and for other considerations, the grantor conveyed the land in question to said railroad company and its successors "during the legal existence of said company, solely upon the following conditions [here follow certain conditions] . . . ; and upon the breach . . . of any of the aforesaid conditions, this grant shall become void, and the estate hereby conveyed . . . shall cease and determine, and the said land shall absolutely revert to the said party of the first part (grantor), his heirs or assigns, in fee simple . . . and shall in

like manner at the expiration of the legal existence of said company revert to said party of the first part, his heirs or assigns, notwithstanding anything herein contained to the contrary."

Here by clear and unequivocal language the grantor limits the duration of the grant to the time during which the grantee corporation could exist under the constitution; and, in the same manner, and with equal precision, exacted that "at the expiration of the legal existence of said company (such land shall) revert to" the grantor, his heirs or assigns.

It is claimed by the defendant, however, that the deed clearly shows that it was the intention of the grantor to irrevocably dedicate the land to railroad use upon a condition subsequent; and as no act was ever done to divest the defendant as successor in interest of the grantee thereunder, that it follows that the Southern Pacific Company is still the owner of the legal title and estate.

No question is here presented of a breach of any condition subsequent. The right here claimed is based upon the estate in reversion to take effect in possession on the expiration of the particular estate granted by the deed. There is a broad distinction between this right and one based upon forfeiture and re-entry for breach of a condition subsequent (*Board of Chosen Freeholders* v. *Buck,* 79 N. J. Eq. 472, [82 Atl. 418]). The deed in question, it is true, created certain conditions subsequent, and provided upon a breach of any of the conditions that the estate conveyed should cease and determine; but, as we have seen, it also contained the additional clause: "and shall in like manner at the expiration of the legal existence of said company revert to said party of the first part, his heirs or assigns, anything herein contained to the contrary notwithstanding." Nothing could be added to more clearly express the intention of the grantor.

"The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (Civ. Code, sec. 1638.) It seems plain to us, therefore, that the duration of the estate or easement granted was definite and precise, and was one limited for years and not in fee (*Robinson* v. *Missisquoi R. R. Co.,* 59 Vt. 426, [10 Atl. 522]; *Barnett* v. *Barnett,* 104 Cal. 298, [37 Pac. 1049]; *Weller* v. *Brown,* 160 Cal. 515, [117 Pac. 517]; *Burnett* v.

*Piercy,* 149 Cal. 178, [86 Pac. 603, 14 Cyc. 1161]; *Pavkovich* v. *Southern Pac. Co.,* 150 Cal. 39, [87 Pac. 1097].)

Equally clear is the intention of the grantor, Emma Rose, in the character and quantity of the estate conveyed by her to the East San Mateo Land Company, the plaintiff. The deed dated August 20, 1908, is in the ordinary form of grant, bargain, and sale, by which she conveyed to the plaintiff, for the expressed consideration of ten dollars, certain property in San Mateo County, of which the land in controversy is a part. In this deed are some twenty-one enumerated exceptions or reservations, the only one here involved, however, being the eleventh, which reserves the land in question, describing it with reference to the deed by which it was conveyed to the San Francisco and San Jose Railroad Company. Following the enumeration of those exceptions is an explanatory clause or provision in this language: "It being the intent and purpose of the party of the first part by this grant to convey to the said party of the second part all the lands and their appurtenances owned at the date of these presents by the said party of the first part, situate in and adjacent to the town of San Mateo, County of San Mateo, State of California, lying East of the Southern Pacific Railroad right of way, containing seven hundred acres more or less, together with all the interests, estates in remainder and reversion, rights of forfeiture and re-entry thereof, in and to any and all lands described in the foregoing exceptions numbered one to twenty-one inclusive, belonging to the said party of the first part, 1st, personally; 2nd, as heir at law of Alvinza Hayward, deceased; 3rd, as heir at law, grantee and devisee of Charity Hayward." There can be no question as to the intention of Emma Rose to convey to plaintiff by her deed the reversionary interest reserved by Hayward from the San Francisco and San Jose Railroad Company and to which she had succeeded. Such intention is clearly expressed in the explanatory clause just quoted. The reservation of the twenty-one excepted parcels was beyond all doubt for the purpose of saving herself harmless from any liability upon the warranties implied from the form of her deed, in view of the previous conveyance of different parcels or interests once forming a part of the tract covered by her present conveyance, and perhaps also because it was deemed that this was the simplest and most convenient manner to describe the land to be conveyed. That she in-

tended to convey all of the right, title, and interest that she owned in the land is plainly evident.

Notwithstanding the clearly expressed intention of Emma Rose it is insisted by defendant that, having by the granting clause retained the title in herself to the property described in the twenty-one exceptions, no subsequent provision of the deed could effect a change. This may have been the early rule of construction; but the modern doctrine is that the intention of the grantor as gathered from the entire instrument, taking it by its four corners, must prevail, and that that intention may be expressed anywhere in the instrument and by any words. This is the rule laid down in our Civil Code. It is there provided: "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." (Civ. Code, sec. 1641.) Accordingly the supreme court of this state has held that every provision, clause, and word shall be taken into consideration in ascertaining the meaning of the party, whether words of grant, of description, or words of qualification, restraint, exception, or explanation, and that every word shall be presumed to have such force and effect as it can have (*Pavkovich* v. *Southern Pacific Co.*, 150 Cal. 39, [87 Pac. 1097]). See, also, *Barnett* v. *Barnett*, 104 Cal. 298, 300, [37 Pac. 1049], where it is said: "The intention of the parties to the grant is to be gathered from the instrument itself, and determined by a proper construction of the language used therein, but for the purpose of ascertaining this intention the entire instrument, the *habendum* as well as the premises, are to be considered, and, if it appear from such consideration that the grantor intended by the *habendum* clause to restrict or limit or enlarge the estate named in the granting clause, the *habendum* will prevail over the granting clause. (*Faivre* v. *Daley*, 93 Cal. 664, 670, [29 Pac. 256]; *Pellissier* v. *Corker*, 103 Cal. 516, [37 Pac. 465].) 'It is in such case to be considered as an *addendum* or proviso to the conveyancing clause, which by a well settled rule of construction must control the conveyancing clause or premises, even to the extent of destroying the effect of the same.' (*Bodine* v. *Arthur*, 91 Ky. 53, [34 Am. St. Rep. 162, 14 S. W. 904].)"

Nor is there any merit in the argument advanced by the defendant that the clause does not contain operative words of grant, but only exhibits an intention and purpose which are

not carried into present effect. As before stated, this clause is to be construed in connection with the rest of the deed. (Civ. Code, secs. 1066, 1636, 1641.)

Aside from the question of the construction of the deed defendant advances the argument in support of the judgment that when a public service corporation takes possession of land for public use the right to compensation accrues and takes effect at the time of the taking, and that such compensation belongs to the person who is the owner of the land at that time, and does not without express stipulation pass to the purchaser by subsequent conveyance; that as such right is a personal one it is governed by the general rule that personal rights do not pass by conveyance of the land, and hence the right of action remained in Hayward, and that the purpose for which the land was taken prevented the railroad company from taking less than a fee, and that this fact destroyed and rendered nugatory the right of reversion reserved in the deed.

It is true that where land has been taken for a public use without compensation being first made, and its continued possession is necessary to such use, the owner cannot recover possession of the land itself, but can only compel payment for the same, and that the right to compensation accrues at the time the land is taken, and belongs to the owner at the time of the taking; also that this right to compensation is a personal one which does not run with the land, nor does it pass by conveyance thereof after the right accrues. These doctrines, however, in no way affect or abridge the right of railroad corporations to enter into a binding obligation or contract with reference to land taken by them for rights of way, and such agreements when made stand on the same footing as any other contract for the conveyance of land. (Lewis on Eminent Domain, 3d ed., secs. 462, 464.) In such cases public policy does not enter into it, nor is it at all concerned with the private contracts of railroads unless they interfere with the public welfare. (2 Elliott on Railroads, 2d ed., 934.) A railroad, therefore, may accept a conveyance of land upon any condition that may lawfully be annexed to an ordinary grant; and such a contract may create an estate less than a fee in land taken for a right of way. The contract here provided for a limited estate only. If at the expiration of the estate granted the land was necessary for the railroad for

railroad purposes, and the corporation or its successor elected to continue its use for a right of way, it could do so by compensating the reversioner. Otherwise it must abandon this portion of its right of way and surrender possession to the owner of the estate in reversion. (*Pool* v. *Butler,* 141 Cal. 46–49, [74 Pac. 444]; *McCowen* v. *Pew,* 153 Cal. 735, 744, [15 Ann. Cas. 630, 21 L. R. A. (N. S.) 800, 96 Pac. 893]; *Gurnsey* v. *Northern California Power Co.,* 160 Cal. 699, [36 L. R. A. (N. S.) 185, 117 Pac. 906].) If it elected to continue in the use after the eighteenth day of August, 1910, the time limited by the grant, the owner of the estate in reversion was entitled to compensation at that time.

As to the point that the complaint must be tested by its direct allegations without reference to the language of the deeds attached as exhibits, we think the complaint, reciting, as it does, that the exhibits are made a part of the complaint, the effect of such recital is to make every part and parcel of the instrument a portion of the complaint. (*Georges* v. *Kessler,* 131 Cal. 183, [63 Pac. 466].) We conclude therefor that the deeds, according to their legal effect, support the allegations of the complaint.

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 25, 1916.