[Civ. No. 2681.   First Appellate District, Division One.—April 21, 1919.]

HENRY CONLIN, etc., Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Appellant.

[1] DISQUALIFICATION OF JUDGES — VOLUNTARY WITHDRAWAL FROM TRIAL OF CASE — QUALIFICATION TO MAKE SUBSEQUENT ORDER THEREIN.—Where the judge of the county, although there is no showing of actual disqualification made, voluntarily retires from the trial of a case because of an intimation that he was *persona non grata* to plaintiff, he is not thereafter disqualified from making an order extending the time of defendant within which to prepare and serve its proposed bill of exceptions.

[2] DEEDS—RAILROAD RIGHT OF WAY—DURATION OF ESTATE—CONSTRUCTION OF CONVEYANCE.—A deed to a railroad corporation which recites that for and in consideration of encouraging and promoting the construction of a railroad, and for other considerations, the grantor conveys the land described in such deed to the railroad company and its successors during "the legal existence of said company," upon certain specified conditions, and which deed provides that, upon the breach by the said railroad company, or its successors, "of any of the aforesaid conditions, this grant shall become void, and the estate conveyed hereby . . . shall cease and determine, and the said lands shall absolutely revert to the said party of the first part [the grantor], his said heirs and assigns, in fee simple, . . . and shall

in like manner, at the expiration of the legal existence of said company, revert to said party of the first part, his heirs and assigns, anything hereinbefore contained, to the contrary, notwithstanding" shows an intention to limit the duration of the grant to the period of the legal existence of the company, and not an intention to irrevocably dedicate the land to railroad use upon a condition subsequent.

[3] Id.—Conveyance of Reversionary Interest — Construction of Deed.—A deed, made by the successor in estate of the grantor, conveying a large tract of land within which such right of way was included, conveys to the grantee the reversionary interest of the grantor therein, notwithstanding such right of way is reserved and excepted in the granting clause, where such clause is immediately followed by an explanatory provision showing an intent and purpose on the part of the grantor to convey such right of way to the grantee.

[4] Id.—Eminent Domain—Taking of Property—Rights of Owner and Subsequent Grantees — Effect on Contract of Railroad Company.—While it is true that where land has been taken for public use without compensation being first made, and its continued possession is necessary to such use, the owner cannot recover possession of the land itself, but can only compel payment for the same, and that the right to compensation accrues at the time of the taking, and while it is also true that this right to compensation is a personal one which does not run with the land, nor pass by conveyance thereof after the right accrues, these doctrines in no way affect or abridge the right of the railroad corporation to enter into a binding obligation or contract with reference to land taken by them for rights of way, and such agreements when made stand on the same footing as any other contract for the conveyance of land.

[5] Id.—Private Contracts of Railroads—Public Policy.—In such cases public policy does not enter into the question, nor is it at all concerned with the private contracts of railroads unless they interfere with the public welfare.

[6] Id.—Acceptance of Conditional Conveyance — Expiration of Term—Rights of Parties.—A railroad may accept a conveyance of land upon any condition that may lawfully be annexed to an ordinary grant; and such a contract may create an estate less than a fee in land taken for a right of way. If at the expiration of the estate granted the land is necessary for the railroad for railroad purposes, and the corporation or its successor elects to continue its use for a right of way, it can do so by compensating the reversioner; otherwise, it must abandon such portion of the right of way and surrender possession to the owner of the estate in reversion.

[7] Pleading—Office of Supplemental Complaint.—A complaint (or one as amended) and a supplemental complaint are to be consid-

ered as separate pleadings, the office of the supplemental complaint being merely to bring to the notice of the court, and the opposite party, matters which occurred after the commencement of the action, and which do, or may, affect the rights asserted and the relief asked in the action, as originally instituted.

[8] CORPORATIONS — FORFEITURE OF CHARTER — NONPAYMENT OF FRAN-CHISE TAX—EVIDENCE.—Forfeiture of the charter of a corporation in a given year by reason of failure to pay its franchise tax cannot be proved by testimony of a deputy of the Secretary of State that he made due search of the records in the office of the Secretary of State for the purpose, and found that no tax had been paid by the corporation for that year.

[9] ID.—IRRELEVANT EVIDENCE—REFUSAL OF—INSTRUCTION.—Where the evidence as to the forfeiture of the charter of a corporation is irrelevant to any issue of the case, it is not error to refuse to instruct the jury on the question of such forfeiture.

APPEAL from a judgment of the Superior Court of San Mateo County.   John L. Hudner, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

Frank McGowan and Evan J. Foulds for Appellant.

Henry Conlin, Chas. W. Cobb, B. V. Sargent and Jos. J. Bullock for Respondent.

WASTE, P. J.—This action was brought by the East San Mateo Land Company, a corporation, to recover from defendant the sum of seventy-seven thousand eight hundred dollars, the alleged value of about four acres of land used as a portion of the right of way of the defendant corporation. The defendant, after answering plaintiff's amended complaint, moved for judgment on the pleadings, which motion the trial court granted. Judgment was thereupon entered in favor of the defendant, and the East San Mateo Land Company appealed from such judgment. On the appeal, the judgment was reversed. (*East San Mateo Land Co.* v. *Southern Pacific R. R. Co.*, 30 Cal. App. 223, [157 Pac. 634].)

After the case was remanded, the present plaintiff was substituted for the East San Mateo Land Company, by an amended and supplemental complaint, and the case proceeded to trial, before a court and jury, on the issues raised by the pleadings. A verdict was rendered in favor of plaintiff for

$23,340, which judgment was duly entered. In due time, the defendant made a motion for a new trial, upon various grounds set forth in the motion. Subsequently, an order was made that defendant's motion for a new trial be granted, unless plaintiff within ten days, in writing, remit all of the judgment in excess of $15,560, and that, if plaintiff should remit the sum of $7,780 from the judgment within said ten days, the motion for a new trial would be denied. Within the time allowed, plaintiff filed with the clerk of the court, and served on defendant, a statement of remission in compliance with the order of the court. Defendant appeals from the judgment. The evidence is brought here by a bill of exceptions.

[1] A preliminary objection made by respondent demands our first attention. After this case was remanded on the former appeal, the judge of the superior court of San Mateo County, who had theretofore presided without objection from anyone, so far as the record discloses, was requested by plaintiff to, and did, call in another judge to retry the case. The judge so called in conducted the trial and all subsequent proceedings, except that the judge of the county made an order after the trial extending the time of defendant within which to prepare and serve its proposed bill of exceptions. This extension carried the time beyond the period limited by section 650 of the Code of Civil Procedure for such purpose. Respondent now claims that the judge who signed the order extending time was in fact disqualified, that, consequently, the order was void, and therefore no bill of exceptions having been presented and settled within the time allowed by law, there is nothing before this court for review other than the matters contained in the judgment-roll.

This whole matter was presented to the lower court on objections by respondent to the settlement of the bill of exceptions, which were overruled. It does not appear in any manner that the judge who presided at the first trial was, as a matter of fact, disqualified to preside at the second. It does appear, however, that plaintiff served on defendant a notice of motion and affidavit of disqualification which he had prepared. Neither the notice nor the affidavit were ever filed in court, or called to the attention of the judge, or used for any purpose, and were afterward, by notice served on defendant, actually withdrawn by plaintiff. The first trial judge appears

to have merely retired from the actual trial of the case, because of an intimation that he was *persona non grata* to plaintiff. We are satisfied with the lower court's ruling in the matter and the objection here is without merit.

The San Francisco and San Jose Railroad Company, the predecessor of the defendant, was incorporated under the laws of the state of California on August 18, 1860, for the term of fifty years, for the purpose of constructing, maintaining, and operating a line of railroad between the city and county of San Francisco and the city of San Jose. On the sixth day of June, 1862, Alvinza Hayward, then the owner in fee simple of the land here involved, in consideration of encouraging and promoting the construction of such railroad, and of the location and establishment of a way station, and performance of other conditions mentioned, conveyed to said San Francisco and San Jose Railroad Company, and its successors, an estate in said land, limited during "the legal existence of said company," and which deed provided that, upon the breach by the said railroad company, or its successors, "of any of the aforesaid conditions, this grant shall become void, and the estate conveyed hereby, to the said party of the second part, and their successors, shall cease and determine, and the said lands shall absolutely revert to the said party of the first part, his said heirs and assigns, in fee simple, as on his former estate therein, and shall in like manner, at the expiration of the legal existence of said company, revert to said party of the first part, his heirs and assigns, anything hereinbefore contained, to the contrary, notwithstanding."

[2] The first point made by appellant, on this appeal, is that this deed from Hayward to its predecessor had the effect to convey a fee in the land to the San Francisco and San Jose Railroad Company, and that such fee was upon a condition subsequent, that is to say, that the grantee took title in the fee during its legal existence, only to be divested thereof by some subsequent act, or event, to wit, the ceasing of the legal existence of the grantee; that the land being held upon a condition subsequent, it required some act on the part of the person entitled to take advantage of the forfeiture; that there has been no act of Hayward, or of any of his grantees, indicative of a purpose to claim by reason of a breach of condition subsequent; that the legal title to the land, therefore,

40 Cal. App.—47

was not in plaintiff's assignor after the breach or the time of the commencement of the action.

Furthermore, the appellant contends that the grant in question, being made to the San Francisco and San Jose Railroad Company "during the legal existence of said company, and reverting in like manner at the expiration of the legal existence of said company," and the San Francisco and San Jose Railroad Company having been consolidated with the Southern Pacific Railroad Company on the eleventh day of October, 1870, the legal existence of the San Francisco and San Jose Railroad Company terminated at that moment, and therefore the plaintiff's claim is stale and barred by the various provisions of the statute of limitations.

The effect of this deed was before this court on the former appeal (*East San Mateo Land Co.* v. *Southern Pacific R. R. Co., supra*), where many of the objections now presented on this appeal were urged on the attention of the court. While the effect of the document as evidentiary matter was not then being considered, the provisions of the deed were given interpretation, and the court said:.

"No question is here presented of a breach of any condition subsequent. The right here claimed is based upon the estate in reversion to take effect in possession on the expiration of the particular estate granted by the deed. There is a broad distinction between this right and one based upon forfeiture and re-entry for breach of a condition subsequent. (*Board of Chosen Freeholders* v. *Buck*, 79 N. J. Eq. 472, [82 Atl. 418].) The deed in question, it is true, created certain conditions subsequent, and provided upon a breach of any of the conditions that the estate conveyed should cease and determine; but, as we have seen, it also contained the additional clause: 'and shall in like manner at the expiration of the legal existence of said company revert to said party of the first part, his heirs or assigns, anything herein contained to the contrary notwithstanding.' Nothing could be added to more clearly express the intention of the grantor.

" 'The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.' (Civ. Code, sec. 1638.) It seems plain to us, therefore, that the duration of the estate or easement granted was definite and precise, and was one limited for years and not in fee. (*Robinson* v. *Missisquoi R. R. Co.*, 59 Vt. 426,

[10 Atl. 522]; *Barnett* v. *Barnett,* 104 Cal. 298, [37 Pac. 1049]; *Weller* v. *Brown,* 160 Cal. 515, [117 Pac. 517]; *Burnett* v. *Piercy,* 149 Cal. 178, [86 Pac. 603]; 14 Cyc. 1161; *Pavkovich* v. *Southern Pac. Co.,* 150 Cal. 39, [87 Pac. 1097].)''

[3] It further appears from the complaint and the evidence that on the eighth day of September, 1908, Emma Rose, then owner, by mesne conveyances from said Hayward, of the land here involved, which was subject to the estate conveyed by Hayward to the San Francisco and San Jose Railroad Company, she being the owner and entitled to all of the interest, estate in remainder, and reversion in the said real property so reserved by Hayward in the deed of June 6, 1862, sold and conveyed to the East San Mateo Land Company all her right, title, and interest in and to the real property, and in and to the interest, estate in remainder, and reversion therein reserved. Appellant contends that by this deed the land company did not become the owner of the land under the Emma Rose deed. This same deed was likewise before this court on the former appeal, where, ''taking it by its four corners,'' it was said (without here quoting the reasons therein given for the opinion):

''Equally clear is the intention of the grantor, Emma Rose, in the character and quantity of the estate conveyed by her to the East San Mateo Land Company, the plaintiff. . . . There can be no question as to the intention of Emma Rose to convey to plaintiff by her deed the reversionary interest reserved by Hayward from the San Francisco and San Jose Railroad Company and to which she had succeeded. Such intention is clearly expressed in the explanatory clause just quoted. The reservation of the twenty-one excepted parcels was beyond all doubt for the purpose of saving herself harmless from any liability upon the warranties implied from the form of her deed, in view of the previous conveyance of different parcels or interests once forming a part of the tract covered by her present conveyance, and perhaps also because it was deemed that this was the simplest and most convenient manner to describe the land to be conveyed. That she intended to convey all of the right, title, and interest that she owned in the land is plainly evident.''

[4] The next point urged by the appellant upon this appeal was, in substance and effect, urged before, to wit, that as Alvinza Hayward, the owner of the land described in the

amended complaint at the time of the entry by his grantee, was entitled to damages, which right was his personal property, such right has not passed to any grantee or successor of Hayward by reason of the conveyance of the real property. We do not understand this to be an action for damages, accruing at the time the land was taken, but rather an action by the reversioner to recover compensation for the appropriation and the continued use and occupation by defendant of the land after the expiration of the estate granted. We quote from our former decision:

"It is true that where land has been taken for a public use without compensation being first made, and its continued possession is necessary to such use, the owner cannot recover possession of the land itself, but can only compel payment for the same, and that the right to compensation accrues at the time the land is taken, and belongs to the owner at the time of the taking; also that this right to compensation is a personal one which does not run with the land, nor does it pass by conveyance thereof after the right accrues. These doctrines, however, in no way affect or abridge the right of railroad corporations to enter into a binding obligation or contract with reference to land taken by them for rights of way, and such agreements when made stand on the same footing as any other contract for the conveyance of land. (Lewis on Eminent Domain, 3d ed., secs. 462, 464.) **[5]** In such cases public policy does not enter into it, nor is it at all concerned with the private contracts of railroads unless they interfere with the public welfare. (2 Elliott on Railroads, 2d ed., 934.) **[6]** A railroad, therefore, may accept a conveyance of land upon any condition that may lawfully be annexed to an ordinary grant; and such a contract may create an estate less than a fee in land taken for a right of way. The contract here provided for a limited estate only. If at the expiration of the estate granted the land was necessary for the railroad for railroad purposes, and the corporation or its successor elected to continue its use for a right of way, it could do so by compensating the reversioner. Otherwise it must abandon this portion of its right of way and surrender possession to the owner of the estate in reversion. (*Pool* v. *Butler*, 141 Cal. 46–49, [74 Pac. 444]; *McCowen* v. *Pew*, 153 Cal. 735, 744, [15 Ann. Cas. 630, 21 L. R. A. (N. S.) 800, 96 Pac. 893]; *Gurnsey* v. *Northern California Power Co.*, 160

Cal. 699, [36 L. R. A. (N. S.) 185, 117 Pac. 906].) If it elected to continue in the use after the eighteenth day of August, 1910, the time limited by the grant, the owner of the estate in reversion was entitled to compensation at that time.''

Our former decision to the effect that, ''If at the expiration of the estate granted, the land was necessary for railroad purposes, and the corporation, *or its successors,* elected to continue its use for a right of way it could do so by compensating the reversioner,'' disposes of appellant's next contention, that defendant in the present action was not a privy to the contract between Hayward and the San Francisco and San Jose Railroad Company.

[7] Appellant contends that in the supplemental complaint there is no allegation of nonpayment; that, by reason of this failure to allege that defendant did not pay the present plaintiff, no cause of action is stated. Appellant fails to note the distinction between a complaint (or one as amended) and a supplemental complaint. They are to be considered as separate pleadings, the office of the supplemental complaint being merely to bring to the notice of the court, and the opposite party, matters which occurred after the commencement of the action, and which do, or may, affect the rights asserted, and the relief asked in the action, as originally instituted (*California etc. Co.* v. *Schiappa-Pietra,* 151 Cal. 742, [91 Pac. 593].) The only new matter set up in the supplemental complaint related to the assignment, by which the substituted plaintiff became entitled to maintain this action, and obtain the relief demanded in the action, as originally instituted, which was compensation for the property held by defendant. An examination of the record, however, discloses that in both the amended and supplemental complaints there is a sufficient allegation of nonpayment.

The various assignments by which plaintiff became substituted as plaintiff in the action are sufficiently pleaded. As the only effect of these instruments was to enable plaintiff, after substitution, to maintain the action in accordance with the relief therein sought, we do not need to give further consideration thereto.

[8] The defendant in the court below sought to show forfeiture of the charter of the San Francisco and San Jose Railroad Company, in the year 1905, by reason of the failure

of the corporation to pay its franchise tax for that year. It called a deputy of the Secretary of State, who testified that he had made due search of the records in the office of the Secretary of State for the purpose, and found that no tax had been paid by the corporation for that year. On motion of the plaintiff, this testimony was subsequently stricken out. The testimony was incompetent for the purpose offered, and was properly excluded from the record. (*Kehrlein-Swinerton Const. Co.* v. *Rapken,* 30 Cal. App. 11, [156 Pac. 972].) In view of the decision of this court, on the former appeal, and our present holding, relative to the effect of the Hayward deed, the evidence was irrelevant to any issue of the case. [9] The subsequent refusal of the court to instruct the jury on the question of the forfeiture of the franchise by the company in question was correct. What has heretofore been said in this opinion sufficiently answers the point made by appellant that the evidence is insufficient to support the verdict and that the court committed error in the admission of evidence.

Appellant makes some sixteen specifications of error in the action of the trial court in giving and refusing certain instructions. We have carefully examined each of these specifications and considered the argument in support thereof. We find no merit in any of them. The charge as given, considered as a whole, was a complete and fair statement of the law in the case. The instructions refused were not proper.

The other points made upon the appeal are incident to the questions discussed in this opinion, and have been disposed of by what we have already said.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 21, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 19, 1919.

All the Justices concurred, except Lennon, J., who was absent.